## CIRCUIT COURT OF THE CITY OF PETERSBURG

Sonia R. Murray

    v.

Cees of Virginia, Inc.

September 4, 1992

BY JUDGE JAMES F. D'ALTON, JR.

This Memorandum addresses Defendant's Demurrer to the three causes of action set forth in Plaintiff's Amended Motion for Judgment. The Court has reviewed all the pleadings and legal briefs submitted. Sonia Murray filed a Motion for Judgment against Cees alleging that Cees tortiously interfered with Murray's contract of employment with a job placement training corporation known as JobShop; that Cees damaged Murray in her trade and business by specified acts of defamation; and that Cees breached its covenant of good faith in dealing with Murray with respect to her employment.

Murray was employed by Cees as a job training counselor at Cees's Petersburg office from July of 1986 until June 25th of 1990. Cees's records indicate that Murray's last day of employment in its Petersburg office was June 28, 1991. Murray and Cees executed an employment agreement dated July 16, 1986, which provided, among other things, that the employment relationship between Cees and Murray may be terminated by either Cees or Murray, with or without cause, upon the giving of two weeks' written notice after Murray had been employed by Cees for a period of twelve months. The non-compete clause is set out in paragraph four of the Agreement, and its terms are not in issue.

On May 15, 1990, Cees advised its employees that it had lost its major contract and that their jobs were in jeopardy. There is a cru-

cial, factual dispute in the respective pleadings at this juncture in the case. The Plaintiff alleges that she was told she would be laid off, unequivocally, and to look for a job. Defendant states Plaintiff was told the business might have to lay them off; that a new contract was being negotiated, but to seek other employment in the interim. Murray tendered her resignation to Cees on June 22, 1990, to become effective June 28, 1990. She advised Cees that she was going to work for JobShop, Incorporated, a competitor of Cees. This fell short of the two weeks' notice required by the Agreement. All Cees employees in the Petersburg office, except one, were laid off on June 29, 1990.

Murray began her employment with JobShop as manager of the training office on June 28, 1990. By separate letters, each dated June 29, 1990, Cees informed JobShop and Murray of the existence of the Agreement, and when contacted by Murray and JobShop, Cees verbally assured them that the letter was a formality and should be ignored. On July 19, 1990, Murray requested that Cees release her from the Agreement, and on August 10, 1990, Cees advised Murray that it could not release her from the Agreement, inasmuch as it had regained the contract previously lost, thereby preserving its Petersburg operation. There is a dispute at this point in the pleadings concerning the nature of Cees's contact with JobShop. Plaintiff alleges in the Amended Motion for Judgment that a Cees's employer contacted JobShop threatening to disclose unfavorable information about Sonia Murray's fitness for the job. Defendant responds that the only contact that Cees had with JobShop was responded to by letter of July 19th from Ms. Murray, wherein she requested release from the Agreement which Cees refused because it had regained its lost contract. Murray was terminated from her position with JobShop on August 23, 1990.

Murray alleges Cees damaged her by specified acts of defamation. The language in Plaintiff's Motion for Judgment only expresses an opinion which has been deemed to be protected free speech. *See Chaves v. Johnson*, 230 Va. 112, 119 (1985). For that reason, Cees's Demurrer to Murray's claim for defamation is sustained.

Murray's second theory of liability is that of a breach of covenant of good faith and fair dealing. Counsel for Plaintiff has made a public policy argument but has produced no authority to refute Defendant's assertion that Virginia law does not recognize a covenant of good faith and fair dealing. *See Firebaugh v. General Electric Com-*

*pany*, C.A. No. 85–0763 (W.D. Va. March 11, 1987). Cees's Demurrer to Murray's claim for breach of covenant of good faith and fair dealing is, therefore, sustained.

Plaintiff's count for tortious interference with contractual rights requires a more detailed analysis. In *Duggin v. Adams*, 234 Va. 221 (1987), at pages 226 and 227, the Virginia Supreme Court outlines the requirements for proof of a prima facie case of tortious interference with a contract terminable at will. Plaintiff must prove existence of a valid contract, knowledge of such by the interferor, intentional interference by improper methods, and damage to the disrupted party. This case sets forth multiple examples of improper methods of interference, including threats, intimidation or unfounded litigation. (See page 227.) The opinion further explains that a contract terminable at will is not terminable at the will of others. Plaintiff need only allege facts to support the elements of her claim or facts from which the Court may infer elements of the claim.

Plaintiff's facts which are admitted as true for the purpose of the Demurrer essentially are set forth in paragraphs eight and nine of her Amended Motion for Judgment, wherein she depicts threatening language and potential litigation by the Defendant if her employment with JobShop continues. In *Clinch Valley Physicians, Inc. v. Garcia*, 243 Va. 286 (1992), the trial court reiterated its long-standing policy of strict construction of non-compete clauses as a restraint of trade. The court indicated it would not enforce the provisions of that particular non-compete agreement where there was no mention of the non-renewal rather than termination for cause. The language of that opinion indicates that the employer must spell out explicitly in the contract that it applies to a renewal.

Defendant Cees admits it told Plaintiff to look for other employment only because it was probably going out of business. Defendant did not suggest to Plaintiff that if they remained in business, she should look for work in an unrelated field. The inference from Plaintiff's factual assertions in her pleadings is that Defendant made a demeaning reference to her character in an effort to enforce a non-compete clause which it had essentially waived. The prima facie case of tortious interference with contract by improper methods has been shown, and the Defendant's Demurrer to this Count is overruled.